### Ovidio MORENO, Plaintiff,

v.

### Peter MACALUSO, et al., Defendants.

### No. 92–1728–CIV–T–17C.

United States District Court, M.D. Florida, Tampa Division.

Feb. 7, 1994.

Ovidio Moreno, pro se.

Peter Nicholas Macaluso, pro se.

Seymour L. Honig, Walter Dale Gabbard, Guito & Gabbard, Michael John Echevarria, Law Office of Michael J. Echevarria, Tampa, FL, for defendant Mel Bermudez.

Daniel F. Martinez, II, Gonzalez & Martinez, P.A., Tampa, FL, for defendant Sunwest Systems, Inc.

Walter Dale Gabbard, Guito & Gabbard, Michael John Echevarria, Law Office of Michael J. Echevarria, Tampa, FL, for defendant Three Palaces Realty.

William Patrick Ayers, Mark A. Brown, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, PA, Tampa, FL, Enrique Nassar–Risek, Law Office of Enrique Nassar–Risek, Hato Rey, PR, for defendant Commonwealth Land Title Ins. Co.

Michael Sierra, Alan Francis Gonzalez, Sierra, Gustafson & Gonzalez, Tampa, FL, for defendant Pan American Title Ins. Co.

Lorence Jon Bielby, Greenberg, Traurig, Tallahassee, FL, for defendant The Florida Bar.

### *ORDER ON MOTION TO DISMISS*

KOVACHEVICH, District Judge.

This cause is before the Court on the Defendant, Mel Bermudez's, Motion to Dismiss the Plaintiff's amended complaint filed September 27, 1993. This action was originally filed in the United States District Court for the District of Puerto Rico. Pursuant to 28 U.S.C. § 1404(a) venue was transferred to this Court on October 22, 1992. This motion is considered pursuant to Rule 12(b)(6), Fed. R.Civ.P.

■ A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1947). In addition this court is cognizant of the fact that, where the Plaintiff is a pro se litigant, the plaintiff's complaint is held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

The complaint in this cause was filed September 19, 1991, in the United States District Court for the District of Puerto Rico, against Peter N. Macaluso, The Florida Bar, The Honorable Judge Guy W. Spicola, Commonwealth Insurance Company (Commonwealth), Pan American Title Insurance (Pan American), Mel Bermudez, Three Palaces Realty, and Sunwest Systems, Inc. (Sunwest). The Court has previously dismissed all but two (2) defendants from the cause.

On October 22, 1992, Chief Judge Gilberto Gierbolini ordered the cause transferred to the United States District Court for the Middle District of Florida. The Honorable Judge Guy Spicola was dismissed from this cause of action on July 28, 1992. Pursuant to an order dated March 29, 1993, Defendant Commonwealth's motion for summary judgment was granted. In addition, pursuant to an order dated April 1, 1993, Defendants Pan American and Sunwest's motions to dismiss were granted. On the same date, Defendant Florida Bar's motion to dismiss was granted with prejudice.

The Plaintiff was granted leave to amend his complaint. The remaining Defendants stipulated to the amendment. It is the amended complaint that is the subject of this motion.

Rule 8(b), Fed.R.Civ.P. requires a pleading to contain a short plain statement of the grounds of jurisdiction and the claim itself, along with a demand for relief. If Plaintiff fails to do so, Defendant may move for dismissal under Rule 12(b)(6), Fed.R.Civ.P.

■ Plaintiff's allegations in the amended complaint against Defendant Mel Bermudez are that he negligently: 1) took possession of Plaintiff's residence, 2) converted personal property in the residence; and 3) took possession of the residence pursuant to an invalid Quit Claim Deed. This pleading does not state a cause of action for negligence against the Defendant.

In order to allege a cause of action for negligence against a Defendant, Plaintiff must give a short plain statement which states a claim, by Plaintiff against that particular Defendant. Plaintiff has not carried its burden against Defendant Mel Bermudez.

Plaintiff bases the allegations for negligence on his contention that the Quit Claim Deed, signed by Plaintiff, to Defendant Mel Bermudez, is void because the signature of the Notary was not authenticated pursuant to Rule 44(a), Fed.R.Civ.P. Unfortunately, the Plaintiff has misread the application of Rule 44. The rule refers to the proof of official records when the records are admissible in a court of law. The rule has nothing to do with whether or not the Quit Claim Deed is valid as between the Plaintiff and the Defendant. Accordingly it is

**ORDERED** that the motion to dismiss be **granted** and the Complaint against Mel Bermudez be **dismissed,** and the Clerk of the Court be **directed** to enter the judgment pursuant to this order.

**DONE AND ORDERED.**